### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOANG T. LE** | **CIVIL ACTION** |
| **VERSUS** | **NO:      07-03806** |
| **ATRIUM AT LAFRENIERE, LLC d/b/a**<br>**MILLENNIUM MANAGEMENT, ET AL.** | **SECTION: "F" (4)** |

### <u>PARTIAL REPORT AND RECOMMENDATION</u>

Before the Court is a **Motion to Dismiss (R. Doc. 4)**, filed by the Defendant, Atrium at Lafreniere d/b/a Millennium Management ("Atrium"), requesting the Court to dismiss the Plaintiff's case for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6).  In opposition, the Plaintiff, Hoang T. Le ("Le"), filed Plaintiff's Objection to Defendants' Motion to Dismiss and Incorporated Memorandum (R. Doc. 9).

Also before the Court is a **Rule to Show Cause (R. Doc. 26)**, in which the Court ordered Le to show cause why he failed to serve the individually named defendants, Clem Roux ("Roux"), Dan Brown ("Brown"), and Connie Kurtz ("Kurtz").  Le filed Plaintiff's Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss and Incorporated Memorandum (R. Doc. 29) in response.

These matters were referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B)**.

## I.     __Background__

Le alleges that while employed with Atrium from January 19, 2004 through October 14, 2004, Roux, a cook and supervisor of the food service department for Atrium subjected him to unwelcome sexual advances and remarks.  (R. Doc. 1.)  Le is Vietnamese-American and male.  (R. Doc. 32.)  Le asserts that Roux (1) threatened to rape Le while holding a 10-inch sausage, saying he would like to put the sausage into Le's "ass," (2) disparagingly instructed Le to "bend over" so that he could have Le's "ass" and that Le would "like it," and (3) used racially offensive language in Le's presence, such as "slang eyes," "chop chop," and "okinawa."  (R. Doc. 32.)

Thereafter, on October 13, 2004, Le faxed a letter to Brown, the Chief Executive Officer for Atrium, to complain about Roux's conduct.  (R. Doc. 32.)  Le maintains that thereafter, on October 14, 2004, Brown and Kurtz, an administrator with the Defendant, gave Le an ultimatum, to resign or be fired from his position.  (R. Doc. 1.)  When Le threatened to go to the Equal Employment Opportunity Commission ("E.E.O.C."), Kurtz suspended Le, "pending an investigation."  (R. Doc. 32.) Le refused to resign and maintains that he was consequently fired by the Defendant.  (R. Doc. 1.)

Accordingly, Le brought suit against Roux, Brown, Kurtz, and Atrium under (1) Title 42 U.S.C. § 2000e, *et seq*. ("Title VII") (2) Title 42 U.S.C. § 1981, and (3) Title 42 U.S.C. § 1983. However, Atrium was the only party successfully served with summons.  (R. Doc. 3.)  Le sought specific and general damages for (1) mental anguish, (2) embarrassment, (3) lost wages, (4) prejudgment interest, and (5) attorney's fees and costs.  (R. Doc. 1; R. Doc. 32.)

Atrium seeks to dismiss the claims filed against it because  (1) the complaint fails to set forth any allegation of gender-based discrimination, (2) Le fails to state a claim for which relief may be

granted pursuant to § 1981 because he fails to makes any allegation of race-based employment discrimination, (3) Atrium is not a "person" acting under the color of authority under § 1983, and (4) his § 1983 claims are prescribed because they were filed more than one (1) year after his employment ended on October 14, 2004.

Le opposes the motion. He contends that his complaint is not subject to dismissal because he adequately stated (1) a claim of sexual harassment under Title VII and (2) a claim of retaliation under Title VII. Le also filed a motion for leave to amend the complaint, which the Court granted in part and denied in part. (R. Doc. 30.)

## II.   Standard of Review

In considering a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a motion to dismiss, the plaintiff must plead "facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, __ U.S.__, 127 S. Ct. 1955, 1974 (2007) (emphasis added); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review). "Plausible" grounds require "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Id*. Thus, the "allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1965 (quotations, citations, and footnote omitted). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

A plaintiff need not make a *prima facie* showing of discrimination to survive a motion to

dismiss because the *prima facie* framework is an evidentiary standard and not a pleading requirement, rather, a plaintiff need only set forth a short and plain statement of a claim to give a defendant fair notice of the claim and the grounds for relief. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002) (reasoning that Rule 8 codifies "notice pleading," requiring that the complaint provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests."); *accord* Fed. R. Civ. P. 8(a)(2). Motions to dismiss are viewed with disfavor and rarely granted. *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 246 (5th Cir. 1997).

Generally, in resolving a Rule 12(b)(6) motion, the court may only consider the allegations appearing on the face of the complaint.  However, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be considered. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir. 1990). Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F. 3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

Before a plaintiff's complaint is dismissed for failure to state a claim, the plaintiff should generally be afforded at least one opportunity to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless the defects are incurable or the plaintiffs are unwilling or unable to amend to avoid dismissal. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir.2002).

### III.   <u>Analysis</u>

#### A.   <u>Title VII Claims</u>

##### 1.   <u>Sexual Harassment</u>

Atrium contends that Le makes only one allegation relating to Title VII discrimination, namely that he experienced unwelcome sexual advances and sexual remarks by Roux, a cook–not a supervisor.  Atrium contends that this bare allegation does not support a claim that it actionable under Title VII.  Le does not respond directly to Atrium's allegation.  He does however contend that he has appropriately alleged a sexual harassment claim.

Title VII prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of . . . sex." 42 U.S.C. § 2000e-2(a)(1).  Discrimination based on sex which creates a hostile or abusive working environment violates Title VII.  *Id.*  To state a claim for sexual discrimination based on a hostile work environment under Title VII, a plaintiff must show: (1) he belongs to a protected group; (2) he was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) his employer knew or should have known of the harassment and failed to take proper remedial action. *Id*. (citations omitted).

Same-sex harassment claims differ from those between males and females because the latter "typically involve[ ] explicit or implicit proposals of sexual activity," which create a presumption that the underlying conduct was based on sex. *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 80 (1998).  However, this presumption is applicable only if there is credible evidence to show that the alleged harasser is sexually attracted to the plaintiff.  *Id.*  Consequently, without this

presumption, a same-sex harassment plaintiff needs other methods to prove that the conduct was based on sex. *Id.*

*Oncale* sets forth three evidentiary routes by which a same-sex plaintiff can show that the conduct was based on sex. *Id.* at 80-81. First, a plaintiff can show that the conduct was motivated by sexual desire. *Id.* at 80. Second, a plaintiff can show that the harasser was motivated by a general hostility to the presence of the same gender in the workplace. *Id.* Third and finally, a plaintiff may offer direct comparative evidence about how the harasser treated both males and females in a mixed-sex workplace. *Id.* at 80-81; *see also Elmahdi v. Marriott Hotel Servs., Inc.,* 339 F.3d 645, 655 (8th Cir.2003) (reasoning that when determining whether discrimination was based on sex, the plaintiff is required to prove the harasser's comments were motivated either by sexual desire, special attention to plaintiff as a male, or that harasser treated males and females differently in a mixed gender environment). *Oncale* noted that "whatever evidentiary route the plaintiff chooses to follow, he or she must always prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted 'discrimina[tion] . . . because of . . . sex.'" *Oncale*, 523 U.S. at 81 (emphasis and alteration in original) (quoting 42 U.S.C. § 2000e-2(a)(1)).

While the cases noted above reference the evidentiary proof required, there is also a requirement that the allegations in the original complaint at the outset set forth minimum allegations that would suggest that the plaintiff has stated a claim for same-sex harassment. Le's original complaint was insufficient and did not state the minimum allegations for a same-sex harassment claim. However, he was granted an opportunity to file an amended complaint[1]. Le has stated a

---

[1] A plaintiff should be afforded one opportunity to amend his complaint before a court dismisses his claims with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002). Leave to amend should be granted freely, especially where it is the plaintiff's first requested amendment. *Thompson v. New York Life Ins. Co*., 644 F.2d 439, 444 (5th Cir. 1981). Furthermore, the Court may consider other items in the record of the

claim through his amended complaint.  (R. Doc. 32.)

In his amended complaint, Le elaborates on the unwelcome sexual advances and remarks from Roux, a cook who worked at Atrium.  Specifically, Le contends that Roux threatened to rape him in the "ass" while holding a 10-inch sausage and instructed Le to "bend over" because the Plaintiff would "like it" in the "ass."  (R. Doc. 32.) According to *Oncale* there must be some indication of the social context in which the behavior allegedly occurred or specific conduct that occurred.  Here, Le has satisfied this obligation by alleging the conduct which he believes constitutes same-sex harassment.  In his amended complaint, Le has set forth additional elements noting that (1) the harassment was based on sex, as evidenced by Roux's sexually offensive conduct; (2) it affected a term of his employment because upon complaining of the harassment, he was suspended and ultimately terminated; and (3) that Atrium knew or should have known about the harassment after he faxed a letter with his grievances to Brown.  Therefore, with his first amended complaint, Le has stated a same-sex harassment claim under Title VII sufficient to provide Atrium with notice of his claims, to withstand a motion to dismiss, and to proceed with his case.

### 2.    Title VII Claims against Individual Defendants

Atrium also seeks to dismiss claims filed against Kurtz, who was named individually in the Title VII claim.   Atrium contends that this claim also fails to state a cause of action.  Le does not address this issue.

Under Title VII "an employer" is prohibited from engaging in employment discrimination," however, 42 U.S.C. § 2000e-2(a) explicitly defines "employer" to include "any agent" of an employer.  42 U.S.C. § 2000e(b).  However, the Fifth Circuit does not interpret Title VII as

---

case, such as Le's amended complaint, even though he filed the amended complaint after Atrium brought the subject motion to dismiss.  *Chester County*, 896 F.2d at 812.

imposing individual liability on such agents. *Indest v. Freeman Decorating,* 164 F.3d 258, 262 (5th Cir.1999) (citing *Pfau v. Reed,* 125 F.3d 927, 935-36 (5th Cir. 1997)); *see also Goins v. Hitchcock I.S.D.*, 191 F.Supp.2d 860, 869 (S.D. Tex.2002).

Congress's inclusion of "agents" within the definition of "employer" was done merely to incorporate *respondeat superior* liability into Title VII and does not render employees individually liable for their underlying actions in Title VII suits. *Indest,* 164 F.3d at 262 (citing *Grant v. Lone Star Co.,* 21 F.3d 649, 652 (5th Cir.1994); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir.1993)). Claims made against employees in Title VII suits are therefore treated as suits against the employer itself. *Id.*

Furthermore, it is well established that "a party may not maintain a suit against an employer and its agent under Title VII." *Id.* Here, Le brings Title VII claims against Roux, Brown, and Kurtz as individual defendants and their employer, Atrium. Consequently, because Le is suing individual defendants in their individual capacities, and because there is no individual liability under Title VII, the claim against Roux, Brown, and Kurtz fails to state a claim for which relief may be granted.

**B.     Failure to Serve Under Rule 4(m)**

Le filed his complaint on July 23, 2007. (R. Doc. 1.) Under Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Based on the 120 day time limit for service in Rule 4(m), Le had until November 20, 2007 to serve all of the named defendants in the action.

On September 26, 2007, the Court received a returned Waiver of Service for Summons (R. Doc. 3) from Atrium, indicating that Atrium had been served[2].  However, there is no evidence in the record that the individual defendants, Roux, Brown, and Kurtz were ever served, nor did they make an appearance on the record.  Accordingly, on February 11, 2008, the Court ordered Le to show cause by February 20, 2008 why his case against Roux, Kurtz, and Brown should not be dismissed for the failure to serve those individual defendants within 120 days of the filing of his complaint, as required by Rule 4(m).  (R. Doc. 26.)  On February 15, 2008, Le filed a memorandum to show cause, asserting that he "presently does not know of the whereabouts" of the individual defendants and cannot obtain such information until discovery.  (R. Doc. 29.)  Le indicated that he could obtain the individual defendants' addresses from Atrium when discovery commences.

The Court concludes that Le's failure to serve and provide the individual defendants with the notice of suit is not remedied by the mere fact that he does know of their whereabouts. Therefore, Le has failed to show good cause for why Roux, Kurtz, and Brown should not be dismissed for his failure to serve, and Roux, Kurtz, and Brown should be dismissed in this matter.

### C.   <u>Section 1981 Claim</u>

Le also generally contends that he has a § 1981 claim.  However, he does not expressly set forth any allegations suggesting the factual basis for the claim.  Nor does he indicate, how the sexual harassment facts as alleged are sufficient grounds for seeking recovery under § 1981[3].

Section 1981, which provides that "[a]ll persons within the jurisdiction of the United States

---

[2] However, on September 27, 2007, the Clerk of Court ("Clerk") marked the returned waiver of service as "deficient" because it was filed with the Court by an individual who was not the attorney of record.  The Clerk allotted five (5) working days for Le to correct the deficiency.  Le has yet to correct the deficiency.

[3] Le's amended complaint also adds a new national origin claim.  (R. Doc. 32.)  However, because his amended complaint was filed *after* the subject motion, his national origin claim is not addressed in this Order because it was not a subject of Atrium's motion to dismiss.

shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens," allows for claims for gender and/or sex discrimination. However, § 1981 does not support a claim for gender and/or sex discrimination. *Rhyce v. Martin*, 173 F.Supp.2d 521 (E.D. La. 2001) (citing *Bobo v. ITT, Cont'l Baking Co.,* 662 F.2d 340, 342 (5th Cir.1981)) ("Although § 1981 strikes at many forms of racial discrimination, no court has held that allegations of gender based discrimination fall within its purview. Courts at every level of the federal judiciary have considered the question and reached the opposite result.")

Congress intended § 1981 "to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." *Saint Francis College v. Al-Khazraji,* 481 U.S. 604, 613 (1987). Numerous courts have held that gender discrimination does not fall within the scope of § 1981. *See e.g., Hawkins v. 1115 Legal Serv. Care,* 163 F.3d 684, 693 (2d Cir.1998) (reasoning that a claim of gender discrimination "plainly outside the scope of § 1981, which deals with discrimination on the basis of race or alienage"); *Jones v. Bechtel*, 788 F.2d 571, 574 (9th Cir.1986) ("It is clear that section 1981 does not provide a cause of action based on sex discrimination."); *Manzanares v. Safeway Stores*, *Inc*., 593 F.2d 968, 971 (10th Cir. 1979) ("Section 1981 does not apply to sex or religious discrimination."). Thus, the Court concludes that Le's complaint fails to state a claim for gender and/or sex discrimination pursuant to § 1981.

### D.    Section 1983 Claim

Atrium further contends that Le's § 1983 claim should be dismissed because the complaint fails to allege that Atrium was a person acting under color of authority. Atrium further contends that

even if Le had a viable claim, that the claim is prescribed.

Section 1983 creates a cause of action against "every person who, under color of any [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff "must demonstrate that the defendant deprived them of their 'rights, privileges, or immunities secured by the Constitution' under color of state law.'" *Lindsey v. Detroit Entm't, LLC,* 484 F.3d 824, 827 (6th Cir. 2007) (quoting § 1983 ). As a general rule, "[s]ection 1983 does not . . . prohibit the conduct of private parties acting in their individual capacities." *Id.*  The "ultimate issue" in determining whether a private party is subject to suit under § 1983 is whether "the alleged infringement of federal rights [is] fairly attributable to the State." *Rendell-Baker v. Kohn,* 457 U.S. 830, 838 (1982) (quotations omitted).

In this case, the dispute does not include the state and nor does Le set forth any allegations that could be attributable to the state.  In fact, the allegations are against a corporation, Atrium, and individuals who are employees of the corporation, Roux, Brown, and Kurtz. There is no state actor who could have remotely acted in concert with the currently named Defendants.  Given the absence of a state actor in this matter, Le's complaint fails to state a claim under § 1983 for which relief may be granted. The Court need not address Atrium's arguments that Le's § 1983 claim is prescribed.

IV.  **Conclusion**

Accordingly,

**IT IS RECOMMENDED** that Atrium's **Motion to Dismiss (R. Doc. 4)** be **GRANTED IN PART** and **DENIED IN PART**.

**IT IS RECOMMENDED** that Atrium's **Motion to Dismiss (R. Doc. 4)** be **DENIED** as to Le's claims for sexual harassment under Title VII.

**IT IS FURTHER RECOMMENDED** Atrium's **Motion to Dismiss (R. Doc. 4)** be **GRANTED** in that Le's claims under § 1981 and § 1983 be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

**IT IS FURTHER RECOMMENDED** that Le's claims against Roux, Brown, and Kurtz be **DISMISSED WITH PREJUDICE** for failure to serve in accordance with Rule 4(m) and for failure to state a claim upon which relief can be granted under Rule 12(b)(6).  Le has failed to show cause in response to the Court's **Rule to Show Cause (R. Doc. 26)** Order.

**IT IS FURTHER RECOMMENDED** that all claims not specifically dismissed shall proceed forward against Atrium, the remaining Defendant in this matter.  Therefore, Le's Title VII claims remain.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 26th day of March 2008.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

12